[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 40 year old plaintiff husband and the 40 year old defendant wife intermarried on August 31, 1974 at Waterbury, Connecticut. Two children are issue of the marriage, Angelina Born February 26, 1975 and Eugene born December 31, 1977. Although the daughter is presently residing with the defendant, she is married and the mother of a child.
The court enters a decree on the cross-complaint dissolving the parties' marriage of the ground of irretrievable breakdown. The complaint is dismissed as moot.
The plaintiff has been a roofer since age 18. He has been suffering from an active hepatitis condition for the past three years which the plaintiff claims hampers his ability to work. No medical testimony was presented. The defendant introduced an IRS Form 1099 for 1990 indicating that the plaintiff's was paid $87,070 by Barrett-Nonpareil Roofing, Inc., (Defendant's Exhibit #1). In 1991, the plaintiff received during July and August the sum of $7,805 from DiGiorgi Roofing Siding, (Defendant's Exhibit #3). In 1991, between June 28, 1991 and September 13, 1991, the plaintiff received $11,607 from Landerman Roofing, Inc. (Defendant's Exhibit #2). CT Page 9322
The court concludes that the plaintiff, even with his health condition, was able to demonstrate a higher earning capacity in 1990 than he has in 1991. Using defendant's exhibits #2 and #3 as a guide, and factoring his statement of earnings on plaintiff's exhibit A of $1,540 monthly "take home pay" as of June 7, 1991, the court concludes that plaintiff's disposable income is $400 weekly.
The defendant is a licensed real estate broker and until recently operated a cafe. She is presently managing a Goodwill Industries store receiving $300 weekly gross and $242 net weekly.
Both parties filed a joint voluntary bankruptcy petition in June 1991 under Chapter 7 of the Bankruptcy Code (Plaintiff's Exhibit B). The court infers from the exhibit and from the testimony of the parties that real estate speculation by the parties ended unsuccessfully in the bankruptcy court.
The defendant also contracted hepatitis but her health was not as seriously impaired as was her husband's health.
Each leveled accusations of misconduct at the other during the trial.
Having reviewed the evidence in view of the applicable criteria, the court enters the following orders as part of the judgment.
1. Custody of the minor son is awarded to the defendant. The plaintiff is awarded reasonable visitation rights.
2. The plaintiff shall pay to the defendant the sum of $115 weekly child support secured by a wage withholding ordered pursuant to 52-362 Connecticut General Statutes.
3. The plaintiff's interest in the real estate known as 17 Mulberry Street, Naugatuck is ordered transferred to the defendant by quit claim deed executed by the plaintiff. If the deed is not delivered within 30 days, the interest is transferred pursuant to statute effecting this order.
4. The contents of the house situated on said parcel are awarded to the defendant.
5. The motor vehicles listed on the defendant's affidavit as 1986 Chevy Camaro, 1978 Cadillac and 1978 Marquis are all awarded to the defendant as her sole property.
6. No periodic alimony is awarded. CT Page 9323
7. No order is entered regarding debts (in view of bankruptcy petition).
8. The plaintiff shall retain the ATV and the defendant shall deliver same to plaintiff within 30 days.
Counsel for the defendant shall prepare the judgment file.
HARRIGAN, J.